IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE STRINKO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-05988 |
| v. | ) ) | |
| BIG TEN CONFERENCE, and THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**UNOPPOSED MOTION FOR AN EXTENSION OF TIME**

Pursuant to Fed. R. Civ. P. 6, Defendant National Collegiate Athletic Association ("NCAA") respectfully requests an extension of time of thirty (30) days, until Thursday, August 18, 2016, to answer or otherwise plead in response to Plaintiff's Class Action Complaint ("Complaint"). In support of this motion, the NCAA states as follows:

1. Plaintiff filed this action on or about June 8, 2016 (Dkt. #1). Service on the NCAA of Plaintiff's Complaint was completed on or about June 28, 2016.

2. In December 2013, the Judicial Panel on Multidistrict Litigation ("JPML") began transferring and consolidating competing concussion class actions filed against the NCAA. See Dec. 18, 2013 Transfer Order (Dkt. #53), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating one case into the parent case); Dec. 24, 2013 Conditional Transfer Order (Dkt. #55), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally and partially transferring another case); Dec. 30, 2013 Conditional Transfer Order (Dkt. #57), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating seven (7) additional cases); June 10, 2014 Conditional Transfer Order (Dkt. #64),

In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating another case); Nov. 12, 2014 Conditional Transfer Order (Dkt. #66), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (conditionally transferring and consolidating another case); see also Nov. 20, 2014 Docket Entry (Dkt. #68), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.) (finalizing conditional transfers).

3. The cases transferred and consolidated by the JPML are currently pending before the Honorable John Z. Lee in the United States District Court for the Northern District of Illinois. See Jan. 17, 2014 Executive Committee Order (Dkt. #208), Arrington v. NCAA, Case No. 11-cv-06356 (N.D. Ill.) (noting that "the Hon. John Z. Lee is presiding over MDL 2492").

4. On June 28, 2016, the NCAA filed with the JPML a notice of potential tag-along actions, informing the JPML that seven (7) cases share common issues with those the JPML previously transferred and requesting that the seven (7) new cases be transferred to the Northern District of Illinois for consolidation with the MDL proceedings already pending before Judge Lee. See June 28, 2016 Docket Entry (Dkt. #69), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.).

5. The NCAA's June 28, 2016 notice also informed the JPML that three (3) additional cases filed in the Northern District of Illinois (including this action) share common issues with the seven (7) tag-along cases and with the cases the JPML previously transferred and consolidated before Judge Lee. See June 28, 2016 Docket Entry (Dkt. #69), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). Because those three (3) cases (including this action) were filed in the Northern District of Illinois, they are likely to be assigned to Judge Lee pursuant to Local Rule 40.3(b)(6). See N.D. Ill. L.R. 40.3(b)(6) ("Where

2

a civil case is filed as a potential tag-along action to a multidistrict litigation ("MDL") proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding."); see also Case Management Order No. 1 (Master Dkt. #15), In re NCAA Student-Athlete Concussion Injury Litig., Case No. 1:13-cv-09116 (N.D. Ill.), at 1-2 ("Any 'tag-along actions' later filed in, removed to or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motion or orders."). The three (3) cases (including this action), however, have not yet been assigned to Judge Lee.

6. On July 6, 2016, the JPML issued a Conditional Transfer Order ("CTO-5") in which it found that the seven (7) tag-along cases identified in the NCAA's June 28, 2016 notice involve questions of fact common to the actions previously transferred to the Northern District of Illinois for consolidation with the matters already pending before Judge Lee. See July 6, 2016 Conditional Transfer Order (Dkt. #71), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). The JPML ordered that the seven (7) tag-along cases be transferred to the Northern District of Illinois and assigned to Judge Lee. See id. On July 14, 2016, CTO-5 became final. See July 14, 2016 Conditional Transfer Order Finalized (Dkt. #73), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.).

7. The extension requested by the NCAA is appropriate, especially in light of the JPML's issuance of CTO-5. See July 6, 2016 Conditional Transfer Order (Dkt. #71), In re NCAA Student-Athlete Concussion Injury Litig., MDL No. 2492 (J.P.M.L.). As previously noted, this case shares common issues with the seven (7) tag-along cases that the JPML recently ordered to be transferred pursuant to CTO-5 and with the cases the JPML previously transferred

and consolidated before Judge Lee.  As a result, we respectfully submit that this case is likely to be assigned to Judge Lee pursuant to Local Rule 40.3(b)(6).  See N.D. Ill. L.R. 40.3(b)(6).

8. On July 14, 2016, the NCAA requested from Plaintiff's counsel consent to an extension of time to August 18, 2016 in which to answer or otherwise respond to Plaintiff's Complaint.  Counsel for Plaintiff do not object to the NCAA's request.

9. In light of the above, the NCAA respectfully submits that good cause exists under Fed. R. Civ. P. 6(b)(1) for the requested extension, that this motion is not brought for purposes of delay and that the requested extension will not unduly prejudice any party.

WHEREFORE, the NCAA respectfully requests an extension of time until August 18, 2016 for the NCAA to answer or otherwise respond to Plaintiff's Complaint.  The NCAA further requests whatever other relief the Court deems appropriate.

Dated:  July 19, 2016

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ *Mark S. Mester*
*Counsel for Defendant*
*National Collegiate Athletic Association*

Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2016, I caused a true and correct copy of the foregoing UNOPPOSED MOTION FOR AN EXTENSION OF TIME OF DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION to be served through ECF notification upon:

| | |
|---|---|
| Benjamin Harris Richman | Andrew S. Rosenman |
| brichman@edelson.com | arosenman@mayerbrown.com |
| EDELSON PC | Daniel Leslie Ring |
| 350 North LaSalle Street | dring@mayerbrown.com |
| Suite 1300 | Michael Allen Olsen |
| Chicago, IL 60654 | courtnotification@mayerbrown.com |
| Telephone: (312) 589-6370 | MAYER BROWN LLP |
| Facsimile: (312) 589-6378 | 71 South Wacker Drive |
| | Chicago, IL 60606 |
| | (312) 782-0600 |

/s/ *Mark S. Mester*
Mark S. Mester